UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RONNIE ERVIN MAJOR, ) <br> ) <br> Defendant ) <br> _____ ) | Case No. 2:21-cr-98-PPS |

### DEFENDANT RONNIE E. MAJOR SENTENCING MEMORANDUM

Comes now defendant Ronnie Ervin Major, by court-appointed counsel Donald J. Schmid, to submit the following memorandum in preparation for the October 16, 2025 10:00 a.m. sentencing hearing in this case.

### INTRODUCTION

On May 2, 2024, pursuant to a written plea agreement, Mr. Major pled guilty to counts 1 and 4 of the of the Second Superseding Indictment, charging him with RICO conspiracy in violation of 18 U.S.C. § 1962(d) and with murder resulting from the use of a firearm during and in relation to a federal crime of violence in violation of 18 U.S.C. §§ 924(c) and (j), and 2. In the plea agreement, the government agreed to recommend a sentence at the low-end of the applicable guideline range. (DE 971, at p. 7: "The United States of America recommends that the Court should

1

impose a sentence upon me equal to the minimum of the applicable guideline range.")

For the reasons set forth below, and in light of the mitigating factors in the Presentence Investigation Report (PSR), in this Sentencing Memorandum, and in all of the filings in this case, the defense respectfully requests that the Court impose a sentence no more than 292 months imprisonment. Such a sentence would be "sufficient, but not greater than necessary" to comply with the purposes of sentencing under 18 U.S.C. § 3553(a).

## I.  INITIAL GUIDELINE CALCULATIONS

The PSR sets forth the following initial guidelines calculations:

- Base Offense Level:  19  (Count 1 RICO conspiracy)

- Base Offense Level:  43  (Count 4, 18 U.S.C. § 924(j))

- Subtotal Offense Level: 43

- Acceptance of Responsibility: – 3  (§3E1.1(a) & (b))

- Total Offense Level: 40

The defendant has four criminal history points and thus has a criminal history category of III. With a criminal history category of III, the initial advisory guideline range is 360 months - life. The government has recommended a sentence no higher than the low-end of the final adjusted guideline range as ultimately determined by this Court.

## II.  STATUTORY PENALTIES

- there is no mandatory minimum.

2

- Maximum: Life imprisonment

- Supervised release: 3 years

- Fine: Up to $250,000

## III. SECTION 3553(a) FACTORS

As detailed in the Presentence Investigation Report ("PSR"), Mr. Major is a 55-year-old lifelong resident of Gary, Indiana. He was raised in a modest family environment, has long-standing ties to his community, and is the father of numerous children. Prior to his incarceration, he operated a legitimate towing and recovery business — Affordable Towing — for more than two decades, providing steady employment and community service.

Mr. Major has been detained since his arrest on July 28, 2021, and is also entitled to credit for time previously served in related state custody between December 16, 2016, and July 19, 2019, as agreed to by the government under the plea agreement.

### A. Nature and Circumstances of the Offenses

The offense conduct is serious. Mr. Major was for a time a member of the Sin City Deciples. Mr. Major stopped actively participating in SCD in approximately 2011. The last overt act in the Second Superseding Indictment that Mr. Major was a part of was in December 2010. All of the RICO conspiracy overt acts set out and alleged in the Second Superseding Indictment after December 2010 through October 2021 are alleged to have been committed and directed by other persons, and not Mr. Major. (See DE 567, at pp. 19-32.)

3

Mr. Major acknowledges the seriousness of his offenses including Count 4. He recognizes that the death of Ms. Jocelyn Blair was a tragic and senseless act. Mr. Major's role was not that of the shooter; rather, his culpability was tied to planning and association with others who carried out the act. His guilty plea and cooperation in the resolution of this case reflect his acceptance of that responsibility.

**B.     History and Characteristics of the Defendant**

Mr. Major's background presents a complex picture of hardship, perseverance, and family commitment. Raised primarily by his mother in Gary after his father's departure, Mr. Major worked from a young age to support himself. He obtained his high school diploma, a commercial driver's license, and built a business that employed others.

The PSR notes no history of mental illness or violence beyond the instant case and an isolated battery conviction from over a decade ago. His physical health is fragile—he suffers from diabetes, high blood pressure, and high cholesterol, conditions that will likely worsen in prison. He has cooperated fully with probation in the presentence process, has expressed remorse, and has no pending charges or detainers.

Mitigating factors from the PSR include:

- Age and lack of recent criminal history:   Mr. Major is now 55 years old. Mr. Major has four grandchildren.

His last criminal conviction, before this federal case, was in March 2011. It appears that he has not personally committed any criminal offenses since that time.

The likelihood of Mr. Major re-offending when he is released from federal prison in this case is low, given his age. As the Seventh Circuit said: "Violent crime is far less common among persons over 40, let alone over 60, than among younger persons." *United States v. Presley*, 790 F.3d 699, 702 (7th Cir. 2015).

"There needs finally to be considered the cost of imprisonment to the government, which is not trivial. ... 'Aging prisoners,' defined as prisoners 50 years old or older, cost the federal prison system about 8 percent more than younger prisoners, and these excess costs, mainly medical, rise with age. See Office of the Inspector General, U.S. Dept. of Justice, *The Impact of an Aging Inmate Population on the Federal Bureau of Prisons*, May 2015, https://oig.justice.gov/reports/2015/e1505.pdf. The Inspector General's study also finds that only 8 percent of inmates aged 60 to 64 who were released between 2006 and 2010 were rearrested for new crimes within three years, compared to 19 percent who were 50 to 54.'" *United States v. Presley*, 790 F.3d 699, 702 (7th Cir. 2015).

Some courts have drawn attention to "the problem of the elderly prison inmate" in their opinions. See, e.g., *Presley*, 790 F.3d 699, 702-03 (citing *United States v. Johnson*, 685 F.3d 660, 661-62 (7th Cir. 2012); *United States v. Bullion*, 466 F.3d 574, 577 (7th Cir. 2006); *United States v. Howard*, 773 F.3d 519, 532-33 (4th Cir. 2014); *United States v. Payton*, 754 F.3d 375, 378-79 (6th Cir. 2014); *United States v. Craig*, 703 F.3d 1001, 1002-04 (7th Cir. 2012)).

- Family Background and Childhood:

Mr. Major's parents were divorced when he was age 10. His mother started drinking heavily after the divorce. Mr. Major was raised by his mother primarily after the divorce.

- Education & Efforts at Self-Improvement:

Mr. Major graduated from high school and also obtained his CDL.

Additionally, Mr. Major has engaged in certain rehabilitation programs while he has been incarcerated and awaiting disposition in this case. Certificates of completion are attached to this Sentencing Memorandum.

- Substance Abuse History: Mr. Major is a long-time user of marijuana. His score of five on the Texas Christian University Drug Screen indicates a relatively severe drug-related problem.

Scientifically documented links between certain marijuana users and violence do exist. See, e.g., "A Review of Cases of Marijuana and Violence," Int J Environ Res Public Health. 2020 Feb 29, available at: [A Review of Cases of Marijuana and Violence - PMC](https://pmc.ncbi.nlm.nih.gov/articles/PMC7084484/)  It may be that Mr. Major's long-term marijuana use was a contributing factor to his decisions with respect to Ms. Blair.

- Health: Mr. Major suffers from high blood pressure and high cholesterol. He is also in the pre-diabetic category. He takes metformin for that condition. (Metformin is an oral medication primarily used to manage blood sugar levels in people.)  Mr. Major's mother and father died of heart disease. His mother died at age 52. His father died of a heart attack at age 73.

In addition to metformin, Mr. Major takes three other medications daily for his high blood pressure and high cholesterol.

### C. Need for the Sentence

A sentence at the low end of the final guideline range as finally determined by this Court or even below that guideline range would accomplish the objectives outlined in Section 3553(a) including:

1. Reflect the seriousness of the offense and promotes respect for the law.

2. Provide just punishment consistent with the statutory scheme.

3. Afford adequate deterrence while recognizing that the harsh penalties already ensure deterrence.

4. Protect the public, as the sentence will result in lengthy incapacitation.

5. Provide needed treatment, particularly substance abuse programming and vocational opportunities within the BOP.

### D. Variance from the Guidelines

While the Guidelines recommend 360 - life months initially, this Court retains discretion under *United States v. Booker*, 543 U.S. 220 (2005), to impose a sentence that varies downward from that non-binding range in light of among other things Mr. Major's fulsome acceptance of responsibility, rehabilitation efforts while in pretrial detention, age, lack of recently criminal activity, poor physical health, and reduced recidivism risk.

The Seventh Circuit has explained that not only may a district court "not presume that a guideline sentence is the correct one," *Nelson v. United States*, 555 U.S. 350, 352, 129 S. Ct. 890, 892 (2009); *Rita v. United States*, 551 U.S. 338, 351,

7

127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007), but the district court cannot "even place a 'thumb on the scale favoring a guideline sentence.'" *United States v. Pennington*, 667 F.3d 953, 958 (7th Cir. 2012) (quoting *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007)).

## IV. REQUEST FOR SENTENCE

For all the reasons stated, the defendant respectfully requests that the Court:

1. Impose a sentence of no more than 292 months imprisonment (and in any event no higher than the low-end of the final calculated range).

2. Recommend placement at a Bureau of Prisons facility where Mr. Major could participate in the RDAP program – given his drug screening score of five ("relatively severe drug-related problem," PSR ¶ 108).

3. Impose no more than 1 year of supervised release – in light of his age.

4. Waive any fine in light of Mr. Major's long incarceration awaiting disposition in this case and lack of substantial asset, as documented in the PSR. Mr. Major has limited financial means. His towing business and residence have little residual value, and his health restricts future earning potential. He does not oppose any restitution properly ordered by the Court but requests that any fine be waived.

## CONCLUSION

Mr. Major stands before this Court with real remorse, and having demonstrated clear acceptance of responsibility and a strong desire to rehabilitate.

8

He is 55 years old, is a grandfather, and last committed an offense in December 2010.

A sentence below the advisory guideline range, or at the minimum of the guideline range (as recommended by the government) would balance the seriousness of the offense with his personal history and the mitigating circumstances here.

Dated: October 10, 2025

        Respectfully submitted,

        Law Offices of Donald J. Schmid LLC


        /s/  *Donald J. Schmid*
        _____
        Donald J. Schmid

        1251 N. Eddy St., Suite 200
        South Bend, IN 46617
        Tel.: 574-993-2280
        Email: schmid@donaldschmidlaw.com

        *Attorney for Defendant Ronnie E. Major*

# Certificates of Rehabilitation Coursework



# CERTIFICATE
## OF ACHIEVEMENT

This Certificate is Proudly Presented To

# Ronnie Major

This certificate is proudly presented in recognition of the student's hard work and dedication in completing the High School Equivalency Study Program, demonstrating an outstanding commitment to personal and professional growth through NCIC Schoolhouse.

*Katee Bond*
**Curriculum Coordinator**

*William J. Pope*
**President of NCIC**

**August 15, 2025**
Date Issued